SULLIVAN MACHINERY CO. *v.* UNITED STATES (No. 3285[1])

United States Court of Customs and Patent Appeals, March 3, 1930

*Curtis E. Loehle* for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*John F. Kavanagh*, special attorney, of counsel), for the United States.

[Oral argument February 11, 1930, by Mr. Loehle and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The appellant imported at the port of Chicago 150 pieces of metal designated by it in its trade as "Sulamite." These were classified by the collector as manufactures of metal, not specially provided for, under paragraph 399 of the Tariff Act of 1922. The importer protested, claiming them to be dutiable as an alloy of tungsten, under paragraph 302 of said act. Additional claims were made under para-

graph 1459, as nonenumerated manufactured articles, and under paragraph 1460, the similitude provision, but as these claims were not pressed, further attention will not be given to them.

The competing provisions of the statute are as follows:

PAR. 302. * * * ferrotungsten, metallic tungsten, tungsten powder, tungstic acid, and all other compounds of tungsten, 60 cents per pound on the tungsten contained therein and 25 per centum ad valorem; ferrochromium tungsten, chromium tungsten, chromium cobalt tungsten, tungsten nickel, and all other alloys of tungsten, not specially provided for, 60 cents per pound on the tungsten contained therein and 25 per centum ad valorem; * * *.

PAR. 399. Articles or wares not specially provided for, * * * if composed * * * of * * * steel, * * * or other metal, * * * not plated * * * whether partly or wholly manufactured, 40 per centum ad valorem.

The merchandise in question consists of small pieces of metal which, by official analysis, contain 91.20 per centum of tungsten and 2.50 per centum of molybdenum. The remaining contents are not shown by the record. The official sample is cubical in shape, about five-sixteenths of an inch in length, width, and thickness. Other pieces were octagonal in shape and about one-half inch in length. They are used in diamond-core drills, being set in the lower end of a soft steel drill bit. As imported they are ready for use, no machining or changing being done before they are so mounted for use.

The lower court held them to be manufactures of metal. With this view we are in entire agreement. They meet every requirement of the definition of manufactures so often stated by this court. *Ringk & Co.* v. *United States*, 16 Ct. Cust. Appls. 132, T. D. 42769; *Ishimitsu* v. *United States*, 11 Ct. Cust. Appls. 186, T. D. 38963.

Paragraph 302, under which the appellant claims, is, essentially, a raw-material paragraph. The provisions for alloys of tungsten therein made are obviously for such alloys as materials and not as manufactured articles. The paragraph is so framed as to make it apparent that it was the intention to gather therein all forms in which tungsten might come into the country, from the raw ore to mixtures and compounds. But that is as far as it was intended to go.

It may be true that the articles before us are composed of compounds of tungsten. But they are more than this; they are manufactures. As such they are more specifically named and described in said paragraph 399 than in said paragraph 302, and were therefore properly classified under the former paragraph.

In what we have here said, we have discussed and disposed of the issue as presented. Nothing herein stated shall be taken as an expression of opinion as to the applicability of any other paragraph or paragraphs of the act to the imported material. Such questions are not before us.

The judgment of the United States Customs Court is *affirmed*.